UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICHOLAS TURE,

                             Plaintiff,

           v.                                                             9:18-CV-1236
                                                                         (GTS/DEP)

DR. ADEBAMBO KADRI, et al.,

                             Defendants.
_____

APPEARANCES:

NICHOLAS TURE
10-A-3021
Plaintiff, pro se
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508


GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

      Plaintiff Nicholas Ture commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order of this Court filed November 14, 2018, plaintiff's IFP Application was granted, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 5 (the "November 2018 Order"). In light of

his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id.* Presently before this Court is plaintiff's amended complaint. Dkt. No. 7 ("Am. Compl.").

## II.    DISCUSSION

### A.    The Complaint and November 2018 Order

In his original complaint, plaintiff asserted claims based on events that allegedly occurred between September 2013 and March 2014, while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Clinton Correctional Facility ("Clinton C.F."). *See generally* Compl. Plaintiff named as defendants Dr. Adebambo Kadri, a physician from Champlain Valley Physicians Hospital who performed surgery on plaintiff in 2013, Dr. Catherine Calley, who was plaintiff's "primary provider" at Clinton C.F. following the surgery, and the Clinton Correctional Facility Health Service Director, John Doe, who had the "final say as to whether the plaintiff should be provided with further treatment at the facility." *See* Compl. at 1, 4-6. Plaintiff alleged that these defendants each failed to properly diagnose and treat plaintiff for a condition known as Coccidioidomycosis, which resulted in significant pain and suffering. *Id.*

The complaint was construed to assert Eighth Amendment medical indifference claims against each of the defendants, who were sued in their individual and official capacities. *See* November 2018 Order at 5.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's official capacity claims were dismissed with prejudice and his claims brought against the named defendants in their individual capacities were dismissed without prejudice as time-barred. *See* November 2018 Order at 7, 10-11.

**B. Review of the Amended Complaint**

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the November 2018 Order and it will not be restated in this Decision and Order. *See* November 2018 Order at 2-4.

Plaintiff's amended complaint contains new allegations regarding alleged medical treatment rendered by defendants Calley and John Doe after March 2014. *See* Am. Compl. at 1-2.[1] Plaintiff also once again names Dr. Kadri as a defendant and sues all three individuals in their individual and official capacities. *See id.* The following facts are set forth as alleged by plaintiff in his amended complaint.

Plaintiff has a history of pulmonary coccidioidomycosis. Am. Compl. at 11. "On or about October 18, 2016, plaintiff was scheduled to see [defendant] Calley to address his numerous complaints of pain and suffering but was turned away." *Id.* at 1. "On or about November 8, 2016, plaintiff was rescheduled to see [defendant] Calley to address his numerous complaints of pain and suffering but was turned away." *Id.*

Thereafter, plaintiff was sent to Coxsackie Correctional Facility for a follow-up visit with a specialist. Am. Compl. at 1, 11. "The specialist found that plaintiff's condition has gotten worse" and recommended "follow-up treatment . . . to ameliorate plaintiff['s] condition and stop the pain." *Id.* at 1. The specialist also recommended "surgical intervention" if plaintiff's "chest lesions persist[.]" *Id.* at 1, 10.

---

[1] Plaintiff has also attached his original complaint to his amended complaint, as well as certain other medical records. *See* Am. Compl. at 4-11.

3

On or about February 6, 2017, plaintiff was examined by defendants Calley and John Doe. Am. Compl. at 1. During the examination, defendants Calley and John Doe "acknowledge[d] that plaintiff's . . . pain and suffering had gotten worse and yet failed to do anything about it." *Id.* "Instead, they stalled and delayed treatment by saying that the main . . . office in Albany was not going to fund nor willing to pay for [ ] surgery [ ] and the treatment he needed[.]" *Id.*

As a result of the refusal by defendants Calley and John Doe to provide plaintiff with further medical treatment, "plaintiff's condition has gotten worse[ ] and he . . . remain[s] in excruciating pain[.]" Am. Compl. at 2. Since arriving at Fishkill Correctional Facility at some point after February 2017, plaintiff has also "learned from doctors and [a] specialist that his condition . . . very well may be of a permanent nature." *Id.*

Liberally construed, the amended complaint asserts Eighth Amendment medical indifference claims against defendants Kadri, Calley, and John Doe.

For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

### 1. Official Capacity Claims

As noted, the Court dismissed plaintiff's claims asserted against the defendants in their official capacities with prejudice in the November 2018 Order. *See* November 2018 Order at 7. Plaintiff has not offered any justification for reconsideration of this determination.

Accordingly, and for the reasons set forth in the November 2018 Order, plaintiff's official capacity claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

### 2. Defendant Kadri

The amended complaint is devoid of any allegations which plausibly suggest that defendant Kadri examined plaintiff or otherwise provided him with medical treatment at any point after October 2013. Accordingly, and for the reasons set forth in the November 2018 Order, plaintiff's claim against defendant Kadri is untimely and is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

### 3. Defendants Calley and John Doe

Claims that prison officials have intentionally disregarded an inmate's medical needs fall under the umbrella of protection from the imposition of cruel and unusual punishment afforded by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 102, 104 (1976). The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction of pain" and is incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Id.*; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) (citing, inter alia, *Estelle*). While the Eighth Amendment does not mandate comfortable prisons, neither does it tolerate inhumane treatment of those in confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle*, 429 U.S. at 104). "First, the alleged deprivation must be, in objective terms, sufficiently serious." *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted). Addressing the objective element, to prevail a plaintiff must demonstrate a violation sufficiently serious by objective terms, "in the sense that a condition of urgency, one that may produce death, degeneration, or extreme

5

pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). "Second, the defendant must act with a sufficiently culpable state of mind," *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted); that is, the plaintiff must demonstrate that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *see also Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (With respect to the subjective element, a plaintiff must also demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.'").

A delay in providing necessary medical care may constitute deliberate indifference when the delay occurred "as a form of punishment[,] ignored a life-threatening and fast degenerating condition . . . or delayed major surgery[.]" *Freeman v. Strack*, No. 99-CV-9878, 2000 WL 1459782, at *6 (S.D.N.Y. Sep. 29, 2000) (quoting *Demata v. New York State Corr. Dep't of Health Servs.*, 198 F.3d 233 (2d Cir. 1999); *see also Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir. 2000) (stating that "outright refusal of any treatment for a degenerative condition that tends to cause acute infection and pain if left untreated and . . . imposition of a seriously unreasonable condition on such treatment, both constitute deliberate indifference on the part of prison officials"). Moreover, allegations that medical professionals refused to recommend needed surgery solely to avoid costs have been found sufficient to state a valid claim under the Eighth Amendment. *See Phillips v. Wright*, No. 9:09-CV-1328 (GTS/RFT), 2010 WL 5565669, at *8 (N.D.N.Y. Aug. 11, 2010) (allegations that medical professionals "consciously disregarded and/or ignored [inmate's] serious medical need based upon a blanket policy of categorizing all lipoma removal surgeries as cosmetic in nature . . . are sufficient to state a valid claim under the Eighth Amendment"), *report and recommendation adopted by* 2011 WL 94173 (N.D.N.Y. Jan. 11, 2011); *Jones v. Westchester Cnty. Dep't of*

6

*Corrs. Med. Dep't*, 557 F. Supp. 2d 408, 415-16 (S.D.N.Y. 2008) (holding that plaintiff's allegation that defendants refused his needed surgery in order to avoid costs stated a valid claim under the Eighth Amendment) (citing cases).

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's medical indifference claims against defendants Calley and John Doe survive sua sponte review and require a response.[2] In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

## III. SERVICE OF THE AMENDED COMPLAINT ON DEFENDANT JOHN DOE

Although plaintiff's medical indifference claim against defendant John Doe has survived sua sponte review, plaintiff is apparently unable to identify this defendant by name. In light of the foregoing, the Clerk of the Court shall send a copy of the amended complaint and this Decision and Order to the New York State Attorney General's Office. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court requests that the New York State Attorney General's Office attempt to ascertain the full name of the Doe defendant whom plaintiff seeks to sue herein.[3] The New York State Attorney General's Office is also requested, to the extent that it is able to identify the Doe defendant, to provide the address where this defendant can currently be served. The New York State Attorney General's Office

---

[2] At least one court within the Second Circuit has held that allegations that an inmate suffered from chronic obstructive pulmonary disease ("COPD") were sufficient to satisfy the objective requirement of a medical indifference claim at the motion to dismiss stage. *See Hobson v. Fischer*, No. 10-CV-5512, 2011 WL 891314, at *5 (S.D.N.Y. Mar. 14, 2011).

[3] In *Valentin*, 121 F.3d at 75-75, the Second Circuit held that district courts must assist pro se incarcerated litigants with their inquiry into the identities of unknown defendants.

need not undertake to defend or indemnify this individual at this juncture. This order merely provides a means by which plaintiff may name and properly serve the Doe defendant as instructed by the Second Circuit in *Valentin*.

The New York State Attorney General's Office is hereby requested to produce the information specified above, to the extent that it can, regarding the name of the Doe defendant -- currently identified as the Clinton Correctional Facility Health Service Director between 2014 and February 2017 -- within thirty (30) days of the filing date of this Decision and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order, as well as to plaintiff at his address of record. Once this information is provided, the Clerk shall return this file to the Court for further review.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint, as modified by this Order, is accepted for filing and is the operative pleading; and it is further

**ORDERED** that plaintiff's Eighth Amendment medical indifference claims against defendants Calley and John Doe **SURVIVE** sua sponte review and require a response; and it is further

**ORDERED** that all remaining claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief

may be granted;[4] and it is further

**ORDERED** that the Clerk shall terminate Dr. Kadri as a defendant; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the amended complaint, to the United States Marshal for service upon defendant Calley. The Clerk shall forward a copy of the summons and amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to plaintiff's amended complaint be filed by defendant Calley, or her counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that, to the extent possible, the New York State Attorney General's Office produce the information specified above regarding the identity of the Doe defendant **within thirty (30) days** of the filing date of this Decision and Order. Upon receipt of a response from the New York State Attorney General's Office, as directed above, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor,

---

[4] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.13, 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.  Plaintiff is required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so may result in the dismissal of this action; and it is further

      **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: January 31, 2019
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge